11OPMSBV(2/20)

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

*In Re:* Paul Stephan Bassett and Michelle Maria Bassett
*Debtor*

*Bankruptcy Case No*.
25–20315–can11

### ORDER ON PRELIMINARY MATTERS *IN CASES UNDER SUBCHAPTER V*

The Court enters its order regarding filing of a plan and other preliminary Chapter 11 Subchapter V matters as follows:

1. The U.S. Trustee and Case Trustee are parties in interest in all matters. Copies of <u>all</u> pleadings and orders in all proceedings in the main bankruptcy case and adversary actions must be served on the U.S. Trustee and Trustee.

2. Promptly after filing of the bankruptcy case and after consultation with the U.S. Trustee, debtor shall open and use only bank accounts identified as debtor in possession accounts.

3. Debtor shall timely file tax returns and other required governmental filings, and shall timely pay all taxes entitled to administrative expense priority.

4. Debtor shall, subject to 11 USC §363(c)(2), maintain insurance customary and appropriate to the industry.

5. Debtor shall file all post–petition financial and other reports required by the Federal Rules of Bankruptcy Procedure or L.R. 2015–2.

6. Debtor is to allow the United States Trustee, or a designated representative of the United States Trustee, or the Case Trustee to inspect the debtor's business premises, books and other records at reasonable times, after reasonable prior written notice.

7. Within 21 days after the date of filing, Debtor shall meet with the Case Trustee to develop and file an agreed scheduling order, which shall include the following:

   a. a status conference within 60 days of the date of filing; and

   b. a deadline of 14 days before the status conference for debtor's filed report of efforts to reorganize; and

   c. the claims bar date set by the court (which will be 70 days after the date of filing); and

   d. a deadline for the debtor to file a plan not later than 90 days after the date of filing; and

   e. a deadline for the secured creditor to make the Section 1111(b) election not later than 21 days after the plan is filed.

8. No creditor's committee will be appointed.

9. No disclosure statement is required unless ordered by the Court.

10. If the plan is consensually confirmed under 11 U.S.C Section 1191(a),

   a. the Case Trustee's services will terminate upon substantial consummation of the plan. The debtor shall file a Notice of Substantial Consummation not later than 14 days after the plan is substantially consummated; and

   b. a discharge will be granted at confirmation.

11. If the plan is nonconsensually confirmed under 11 U.S.C. Section 1191(b),

   a. the Case Trustee's services will continue until the plan is completed; and

b. property of the estate includes all property acquired by the debtor after the date the case was commenced, but before the case is either closed, dismissed or converted, as well as earnings from services performed by the debtor during the same period. The debtor remains in possession of all property of the estate unless the debtor is removed; and

c. a discharge will not be granted until completion of all payments due within the first three years of the plan, or such other longer period not to exceed five years.

12. Failure to comply with this order may result in dismissal of debtor's case or conversion to another chapter.

IT IS SO ORDERED.

Dated: 7/18/25

/s/Cynthia A Norton
Bankruptcy Judge