**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re:    PAUL STEPHAN BASSETT AND | ) | Case No. 25-20315-CAN |
| MICHELLE MARIA BASSETT | ) | |
| Debtors and Debtors-in-Possession | ) | Chapter 11 (Voluntary), Subchapter V |

**SUBCHAPTER V STATUS CONFERENCE REPORT OF DEBTORS**
**PURSUANT TO 11 U.S.C §1188(c)**

**COME NOW** Debtors, Paul and Michelle Bassett (the "Debtors"), by and through Counsel, and for the Debtors' 11 U.S.C. §1188(c) Status Conference Report, as ordered in the Court's Agreed Scheduling Order (Doc. #26), shows the Court as follows:

1.      The date the case was filed, and the date Debtor0's counsel applied for appointment to represent the Debtor:

On July 17, 2025, Debtors filed the Petition under Chapter 11, Subchapter V.

On July 18, 2025, Debtors filed their Application to Employ WM Law as counsel.  No objection has been received to the Application.  However, this Court has scheduled a hearing for September 11th on the Application to Employ.

2.      The name, address, and phone number of the trustee appointed to serve in this case under §1183:

Norman E. Rouse
5957 E. 20th St.
Joplin, MO  64801
417-782-2222
**nrouse@cwrcave.com**

3.      The Debtors are Debtors as defined in 11 U.S.C. §1182(1).  The Debts scheduled are less than $3,424,000, not less than 50 percent of which arose from the commercial or business activities of the debtor.  There have been no objections to the Debtors' election to proceed under Subchapter V[1].

4.   The Debtors' Proposed Deadline for Filing Objections to Claims: Wednesday, November 5, 2025, three weeks after the deadline for the filing of the Chapter 11 Plan.  This is the same date as the deadline for the creditors to make an 1111(b) election, pursuant to the Court's Agreed Scheduling Order.

5.   The Debtors' Proposed Deadline for Filing a Spreadsheet Report of Allowed and

---

[1] At the Initial Debtor Interview, the discussion of whether the Debtors were "engaged in" a business came up.  The Debtors assert that their operation of Sedalia Aesthetics LLC satisfies the definitions contained within Section 1182(1) of the Code

Disputed Claims by Class: November 5, 2025.  The Debtors do not anticipate objecting to any claims at this time.

6.  The Debtors' Proposed Deadline for Filing any Avoidance Actions: The Debtors assert that the limitations on avoiding powers under 11 U.S.C. §546 governs.  Specifically, Section 546 provides that an action under 11 U.S.C. §§544-553 may not be commenced after … (2) the time the case is closed or dismissed.  (11 U.S.C. §546(a)(2)).

The Debtor swill likely seek to administratively close this case upon entry of an order confirming the Subchapter V Plan of Reorganization and Substantial consummation thereto. Therefore, the Debtors currently propose a deadline of  March 2, 2026.

7.      The Debtors' Proposed Deadline for filing a plan of reorganization, which under §1189(b) may not be later than 90 days after the order for relief unless ordered by the Court. October 15, 2025.  Unless the Debtors and a creditor are in negotiations materially impacting the Plan, the Debtors do not anticipate seeking an extension of the deadline to file the Plan.

8.      The Efforts the Debtor has undertaken and will undertake to attain a consensual plan of reorganization:

The Debtor are currently working on seeking a conclusion of the Section 341 Meeting of Creditors and complying with the requests of the United States Trustee for information.  This includes required reports pursuant to Fed. R. Bankr. P. 2015.3, additional bank statements, the opening of a Debtor-in-Possession Bank Account (or waiver of that requirement), employment of professionals, and income tax returns.

Tax Returns for 2024 have been prepared but not yet filed, pending employment and payment of the Debtors' accountant.  Other information has been provided.  The Debtors have filed a Motion with this Court to waive the requirement for a Debtor-in-Possession Account.

Additional Information:

1.      Whether the initial financial report and other documentation required by the United States Trustee has been or will be filed, and whether the Debtors are current on the filing of monthly financial reports to the United States Trustee.

**Answer:**

The Debtors are due for an operating report for the partial month of July 17-July 31.  The Debtors are in the process of calculating date of filing and ending income, as the bank accounts for at least one of the Debtors' accounts do not provide a running account balance or daily balances.  The Debtors believe that they have otherwise provided the information requested by the US Trustee after the initial Section 341 Meeting of Creditors.

2.      Whether the Debtor's schedules have been filed in substantially complete form.

**Answer:**

Yes, the Debtor believes all amendments necessary to ensure schedules are complete and accurate were filed on August 27th, including additional creditors added and a correction to projected income for Mr. Bassett.
.

3.      Whether the Debtors are current on all tax filings, and if not, which returns are outstanding and when they will be filed.

**Answer:**

The Debtors are current for all tax filings up through and including the 2023 tax year. As referenced above, 2024 tax returns are prepared but not yet filed, pending employment of Debtors' CPA. Assuming the employment is approved, the returns should be filed in advance of the October 15th deadline for returns due with extensions.

4.      The Debtors' projections for financial operations for the first 120 days of this case.

**Answer:**

The Debtors' financial projections are based on a simple monthly budget with their combined revenue (primarily from salaries from Sedalia Aesthetics and Mr. Bassett's employment with DFAS) and monthly expenses.  This is best reflected in the amended budget filed on August 27th (Doc #35).

5.      The Debtors' financial history for three (3) years prior to the filing of the petition (annual figures)

**Answer:**

The Debtors have provided the Subchapter V Trustee and US Trustee a copy of the prepared (but unfiled) 2024 tax returns as well as those from 2023.  The Debtors have 2022 tax returns available as well.  As the Debtors are individuals, updated financials will be more useful but 2022 and 2023 tax returns can provide historical context.

6.      The expected budget for professionals in this case and whether the trustee anticipates the need for retention of professionals.

**Answer:**

The Debtors expect to employ the following professionals:

(1) Johnson Tax Service as Accountants for the Debtors.  The Debtors need to pay their Accountants, once employed, to file 2024 income tax returns.  From recent invoices, it appears the Debtors and their controlled non-Debtor entities owe approximately $925 to the Accountants, which would be divided up between the Debtors and their entities.  Due to the Debtors' operation of businesses, it is essential that each business maintains updates on its necessary reports and returns in order to have accurate returns for the Debtors

(2)  LaTonya Marshall, criminal counsel for Ms. Bassett.  Upon information and belief, Ms. Marshall's services will cost in excess of $12,000 and may be limited depending on the outcome of an upcoming hearing that may resolve one or more charges.

(3)  T. Brody Kempton.  Mr. Kempton is working on behalf of the Debtors' controlled entity, Sedalia Aesthetics, regarding litigation against one or more third parties for tortious interference, fraud, civil conspiracy, theft/conversion, and/or violation of Missouri's Uniform Trade Secrets Act, arising out of incidents occurring between February 2024 and April 2024.  The Debtors may retain a personal interest in any recovery from this litigation.  It is the expectation that the Debtors will not have to extend up-front costs for this litigation, as this is largely being done on contingency.

Debtors' counsel has reached out to both attorneys to seek an appropriate affidavit to support a Motion to Employ.

7.      The problems which require resolution through the bankruptcy process:

4

**Answer:**

The Debtors do not anticipate any significant litigation or confirmation issues beyond proving feasibility of their Plan. Much of their ability to pay will be dictated by the success of their controlled entities.

Issues that could arise would include any requirement by Ms. Bassett to pay criminal fines, court costs, etc. for her criminal cases, and the need for replacement vehicles for the Debtors. The Debtors are aware of the process to seek court approval to incur new debt.

Dated: 8/28/2025          Respectfully submitted,
WM Law

s/ Ryan A. Blay
Ryan A. Blay, MO #KS001066; KS #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
blay@wagonergroup.com
Proposed Counsel For Debtors & Debtors-in- Possession

**<u>CERTIFICATE OF SERVICE</u>**

I, the undersigned, hereby certify that on 21:39, the foregoing was delivered via e-mail to the effected parties who are registered to receive electronic notice via ECF, including the United States Trustee and the duly appointed Subchapter V Trustee.

s/ Ryan A. Blay