**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

IN RE:

PAUL STEPHAN BASSETT AND
MICHELLE MARIA BASSETT
(DECEASED),

Debtors.

Case No.:  25-20315-CAN-11
Chapter 11

### SECURED CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION PAYMENTS

Now Comes a secured creditor herein, Ally Bank ("Ally"), by its undersigned bankruptcy counsel of record, Evan Lincoln Moscov, and hereby moves pursuant to 11 U.S.C. Section 362(d) for the entry of an order terminating the 11 U.S.C. Section 362(a) automatic stay with respect to a 2017 Lincoln Continental Sedan 4D Premiere AWD 3.7L V6 motor vehicle with a vehicle identification number of 1LN6L9VK9H5624583 ("the Collateral") owned by the Debtors and waiving the application of the Federal Rule of Bankruptcy Procedure 4001(a)(4) fourteen day stay. In the alternative to the foregoing requested relief, Ally moves for the entry of an order directing the Debtor to tender monthly adequate protection payments to it. In support of the Motion, Ally states the following:

1. On November 9, 2023, Debtor, Michelle Maria Bassett, purchased the Collateral pursuant to a Retail Installment Contract and Security Agreement ("the Contract"), which was assigned to Ally. A copy of the Contract is attached hereto as an exhibit to the Motion.

2. Pursuant to the Contract, the Debtor provided Ally with a security interest in the Collateral.

3. Ally has a perfected security interest in the Collateral. A copy of the Missouri Department of Revenue Notice of Lien Application is attached hereto as an exhibit to the Motion.

4. On July 17, 2025, the Debtors filed their Chapter 11 Subchapter V voluntary petition.

5.  As of July 17, 2025, the total indebtedness owed by the Debtors to Ally was in the amount of $16,175.24.

6.  The replacement value of the Collateral is $11,375.00. A copy of the J.D. Power Vehicle Valuation is attached hereto as an exhibit to the Motion.

7.  Thus, there is no equity in the Collateral for the benefit of the Ally.

8.  The Debtors have defaulted on their contractual installment payments.

9.  As of January 5, 2026, the Debtors are delinquent in the amount of $2,212.75 (pre-petition arrears of $96.05 and post-petition arrears of $2,116.70). A copy of the payment history is attached hereto as an exhibit to the Motion.

10. As a result of the default and the lack of equity in the Collateral, cause exists to terminate the automatic stay to allow Ally to exercise its rights and remedies pursuant to state law and the security agreement including, but not limited to, repossession of the Collateral.

11. In the alternative to the above requested relief, Ally seeks adequate protection from the Debtors of its perfected security interest in the Collateral.

12.  11 U.S.C. Section 363(e) provides that adequate protection be given to any entity whose interest in the property is affected by the Debtor's use, sale or lease of the property.

13. Pursuant to 11 U.S.C. Section 361, adequate protection may be provided by the Debtor via cash payments, the granting of additional liens or compensation as an administrative expense.

14. *Assuming arguendo* that the Debtors claim the Collateral is necessary for an effective reorganization of its bankruptcy estate, the retention and continued use of the Collateral should be conditioned on the Debtors tendering monthly cash adequate protection payments to Ally to protect Ally's security interest in the Collateral.

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 13, 2026 a copy of the Motion for Relief from the Automatic Stay was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Ryan A. Blay Wm Law 15095 W 116th St. Olathe, KS 66049

Norman Rouse Collins, Webster & Rouse 5957 E. 20th Street Joplin, MO 64801

 U.S. Trustee Room 3440 400 East 9th Street Kansas City, MO 64106-1910

Adam E. Miller Office of the United States Trustee 400 E. 9th St., Ste. 3440 Kansas City, MO 64106

I further certify that on January 13, 2026 a copy of the Motion for Relief from the Automatic Stay was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

Paul Stephan Bassett 717 W 6th St. Sedalia, MO 65301

Michelle Maria Bassett, Deceased 9/14/2025 717 W 6th St. Sedalia, MO 65301

/s/ *Evan Lincoln Moscov*
Evan Lincoln Moscov

**Retail Installment Contract and Security Agreement**

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary |
|---|---|---|
| W-K<br>3310 W Broadway Blvd<br>SEDALIA, MO 65301 | Michelle Bassett<br>717 W 6th St<br>Sedalia, MO 65301 | No. N/A<br>Date 11/9/2023 |

☐ Business, commercial or agricultural purpose Contract.

### Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 8,803.87 |
|---|---|---|---|---|
| 9.99 % | $ 5,805.87 | $ 20,747.13 | $ 26,553.00 | $ 35,356.87 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 60 | $ 442.55 | Monthly Beginning 12/24/2023 |
| N/A | $ N/A | N/A |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If you fail to pay your scheduled payment, in full, within 15 days of its due date, you agree to pay: 1. a late charge of $5.00, if the amount of your scheduled payment is $25.00 or less; 2. otherwise, a late charge of 5% of the amount of your scheduled payment, subject to a minimum late charge of $10.00 and a maximum late charge of $25.00.

**Prepayment.** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

### Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2017 | Lincoln | Continental | SEDAN | 1LN6L9VK9H5624583 | 46,678 |

☐ New ☒ Used ☐ Demo

Other: N/A

### Description of Trade-In

2023 Jeep Wrangler 1C4HJXAG0PW650359

### Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("Agreement") applies. N/A

N/A. The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

### Itemization of Amount Financed

| | | |
|---|---|---|
| a. Price of Vehicle, etc. (incl. sales tax of $ N/A ) | $ | 22,962.00 |
| b. Service Contract, paid to: Zurich Insurance | $ | 4,500.00 |
| c. Cash Price (a+b) | $ | 27,462.00 |
| d. Trade-in allowance | $ | 35,000.00 |
| e. Less: Amount owing, paid to (includes m): N/A | $ | 30,397.62 |
| f. Net trade-in (d-e; if negative, enter $0 here and enter this amount on line m) | $ | 4,602.38 |
| g. Cash payment | $ | 4,201.49 |
| h. Manufacturer's rebate | $ | N/A |
| i. Deferred down payment | $ | N/A |
| j. Other down payment (describe) N/A | $ | N/A |
| k. Down Payment (f+g+h+i+j) | $ | 8,803.87 |
| l. Unpaid balance of Cash Price (c-k) | $ | 18,658.13 |
| m. Financed trade-in balance (see line f) | $ | N/A |
| n. Paid to public officials: | | |
| i Lien/Filing | $ | 6.00 |
| ii N/A | $ | N/A |
| iii N/A | $ | N/A |
| o. Insurance premiums paid to insurance company(ies) | $ | N/A |
| p. Administrative Fee | $ | 499.00 |

AN ADMINISTRATIVE FEE IS NOT AN OFFICIAL FEE AND IS NOT REQUIRED BY LAW BUT MAY BE CHARGED BY A DEALER. THIS ADMINISTRATIVE FEE MAY RESULT IN A PROFIT TO DEALER. NO PORTION OF THIS ADMINISTRATIVE FEE IS FOR THE DRAFTING, PREPARATION, OR COMPLETION OF DOCUMENTS OR THE PROVIDING OF LEGAL ADVICE. THIS NOTICE IS REQUIRED BY LAW.

| | | |
|---|---|---|
| q. To: N/A | $ | N/A |
| r. To: Zurich Maintenance | $ | 589.00 |
| s. To: Zurich Insurance | $ | 995.00 |
| t. To: N/A | $ | N/A |
| u. To: N/A | $ | N/A |
| v. To: N/A | $ | N/A |
| w. To: N/A | $ | N/A |
| x. To: N/A | $ | N/A |
| y. To: N/A | $ | N/A |
| z. To: N/A | $ | N/A |
| aa. Total Other Charges/Amts Paid (m thru z) | $ | 2,089.00 |
| bb. Prepaid Finance Charge | $ | N/A |
| cc. Amount Financed (l+aa-bb) | $ | 20,747.13 |

We may retain or receive a portion of any amounts paid to others.

### Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**
☐ Single ☐ Joint ☒ None
Premium $ N/A   Term N/A
Insured N/A

**Credit Disability**
☐ Single ☐ Joint ☒ None
Premium $ N/A   Term N/A
Insured N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

| | N/A |
|---|---|
| By: | DOB |
| | N/A |
| By: | DOB |
| | N/A |
| By: | DOB |

You have the right to cancel credit insurance within 15 days of buying it and receive a full refund or credit for the credit insurance premium.

**Property Insurance.** You must insure the Property securing this Contract. You understand that you are free to insure your Property with whatever licensed company, agent or broker you may choose; that you may do so at any time after the date of this loan; that you have not cancelled any existing insurance on your Property you owned it before this loan; and that this loan cannot be denied you simply because you did not purchase your insurance through us. **YOU MAY NOT NEED TO PURCHASE CREDIT PROPERTY INSURANCE, AND YOU MAY HAVE OTHER INSURANCE WHICH WE WILL ACCEPT WHICH COVERS THE PROPERTY SECURING THIS LOAN. YOU SHOULD EXAMINE ANY OTHER INSURANCE WHICH YOU HAVE IN ORDER TO DETERMINE IF THIS COVERAGE IS NECESSARY.**

This premium is calculated as follows:
☐ $ N/A _____ Deductible, Collision Cov.  $ N/A
☐ $ N/A _____ Deductible, Comprehensive  $ N/A
☐ Fire-Theft and Combined Additional Cov.  $ N/A
☐ N/A  $ N/A

**Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.**

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for _____ of coverage.

### Sales Agreement

**Payment.** You promise to pay us the principal amount of $ 20,747.13 plus finance charges accruing on the unpaid balance at the rate of 9.99 % per year from the date of this Contract until paid in full. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the Truth-in-Lending Disclosure. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the Itemization of Amount Financed.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of $ N/A if you pay this Contract in full before we have earned that much in finance charges.

### Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☒ **Service Contract**
Term 36 Months / 36,000 Miles
Price $ 4,500.00
Coverage Zurich Select Care

☒ **Gap Waiver or Gap Coverage**
Term 60 Months
Price $ 995.00
Coverage Zurich Gap

☒ **Zurich Insurance**
Term 60 Months / 999,999 Miles
Price $ 589.00
Coverage Zurich Maintenance

X _____ [signature]   11/9/2023
By: Michelle Bassett    Date

By: _____   11/9/2023
    Date

By: _____   N/A
    Date

### Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

### Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

X _____ [signature]   11/9/2023
By: Michelle Bassett    Date

By: _____   N/A
    Date

By: _____   N/A
    Date

**Notice to the Buyer. Do not sign this Contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the Contract you sign. Under the law you have the right to pay off in advance the full amount due and to obtain a partial refund of the finance charge (time price differential).**

**By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.**

Buyer
X _____ [signature]   11/9/2023
By: Michelle Bassett    Date

By: _____   N/A
    Date

By: _____   N/A
    Date

Seller _____ [signature] Mandy Merris   11/9/2023
By: W-K    Date

**Assignment.** This Contract and Security Agreement is assigned to Ally Bank PO BOX 8116 COCKEYSVILLE, MD 21030 _____, the Assignee, phone _____. This assignment is made ☐ under the terms of a separate agreement made between the Seller and Assignee. ☒ under the terms of the Assignment by Seller section on page 2. ☐ This Assignment is made with recourse.

Seller _____ [signature] Mandy Merris   11/9/2023
By: W-K    Date

THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

Page 1 of 2

**ORIGINAL**

## Additional Terms of the Sales Agreement

**Definitions.** "Contract" refers to this Retail Installment Contract and Security Agreement. The pronouns "you" and "your" refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns "we", "us" and "our" refer to the Seller and any entity to which it may transfer this Contract. "Vehicle" means each motor vehicle described in the Description of Property section. "Property" means the Vehicle and all other property described in the Description of Property and Additional Protections sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the Description of Property section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The "Total Sale Price" is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the Truth-in-Lending Disclosure assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time. See Minimum Finance Charge section. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of $25, plus any charge by the depository institution for the dishonored or returned payment.

**Governing Law and Interpretation.** This Contract is governed by the law of Missouri and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
- You fail to make a payment as required by this Contract.
- We believe the prospect of payment, performance, or the ability to realize upon the collateral is significantly impaired.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay reasonable attorneys' fees not in excess of 15% of the unpaid debt after default and referral to an attorney not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you default on this Contract, we may exercise the remedies provided by law and this Contract after we have given you any notice and opportunity to cure your default that the law requires. Those remedies include:
- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so, provided we give you prior notice and a reasonable opportunity to perform. We are not required to make any such payments or repairs. You will repay us that amount when we tell you to do so. That amount will earn finance charges from the date we pay it at the rate described in the Payment section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:
- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the Insurance Disclosures section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

Unless you provide evidence of the insurance coverage required by this Contract, we may purchase insurance at your expense to protect our interests in the Property. This insurance may, but need not, protect your interests. The coverage that we purchase may not pay any claim that you make or any claim that is made against you in connection with the Property. You may later cancel any insurance purchased by us, but only after providing evidence that you have obtained insurance as required. If we purchase insurance for the Property, you will be responsible for the costs of that insurance, including the insurance premium, interest and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to your total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance you may be able to obtain on your own.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of this Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Notices

**Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

Si compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

---

Certain agreements are commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

**Emissions Inspection Notice. If the vehicle is subject to Missouri emissions inspection and the Seller sells it to you without prior inspection and approval, you may: (1) return the Vehicle within 10 days, provided it has no more than 1,000 additional miles since the time of sale, to have the Seller repair the Vehicle and provide an emissions certificate and sticker within five working days if the Vehicle fails, upon inspection, to meet the emissions standards, or (2) enter into any mutually acceptable agreement with the Seller.**

## Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, "you" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the Description of Property section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

By: _____   Date _____

Signature of Third Party Owner (NOT the Buyer)

## Assignment by Seller

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract.

(Separate Agreement. If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:
- This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
- The statements contained in this Contract are true and correct.
- The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
- This sale was completed in accordance with all applicable federal and state laws and regulations.
- This Contract is valid and enforceable in accordance with its terms.
- The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
- This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
- A completely filled in copy of this Contract was delivered to the Buyer at the time of execution.
- The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
- Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of nonpayment or nonperformance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compromise or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

**Unless otherwise indicated on page 1, this Assignment is without recourse.**

**With recourse.** If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

# MISSOURI DEPARTMENT OF REVENUE
## Notice of Lien Application

**File NOL**
**Record Lookup**
**User Management**
**Change Password**
**View History**
**Contact DOR**
**Step By Step Instructions**
**Logout**

### Record Lookup Results

| Year Make | VIN/HIN |
|---|---|
| 2017 LINC | 1LN6L9VK9H5624583 |

### Notice Of Lien

#### Owner Information

| | |
|---|---|
| Owner's Name | BASSETT MICHELLE |
| Street Address | 717 W 6TH ST |
| City | SEDALIA |
| State | MO |
| Zip Code | 65301 |

#### Vehicle Information

| | |
|---|---|
| Year | 2017 |
| Make | LINC |
| VIN | 1LN6L9VK9H5624583 |
| Vehicle Type | Motor Vehicle |
| Control Number | ███ |
| Previous Title Number | |
| Purchase Date | 11/9/2023 |
| Receipt Date | 12/19/2023 |

#### Lienholder Information

| | |
|---|---|
| Lien Date | 11/09/2023 |
| Lienholder Name | ALLY FINANCIAL |
| Street Address | PO BOX 8116 |
| City | COCKEYSVILLE |
| State | MD |
| Zip Code | 21030 |
| Subject to Future Advances | No |
| Refinance or No Change Of Ownership | No |

### Notice Of Lien-DB2

#### Owner Information

| | |
|---|---|
| Owner's Name | Crumley-Nelson Anna C |
| Street Address | 2985 Deerridge Dr |
| City | Sedalia |
| State | MO |
| Zip Code | 65301 |

#### Vehicle Information

| | |
|---|---|
| Year | 2017 |
| Make | LINC |
| VIN/HIN | 1LN6L9VK9H5624583 |
| Vehicle Type | Passenger Vehicle |
| Control Number | ███ |
| Previous Title Number | |
| Purchase Date | 2018-11-30 |
| Receipt Date | 2018-12-04 |

#### Lienholder Information

| | |
|---|---|
| Lien Date | 2018-11-30 |
| Lienholder Name | CMCCU |
| Street Address | 3120 W 10th |
| City | Sedalia |
| State | MO |
| Zip Code | 65301 |

### Title Record

#### Owner Information

| | |
|---|---|
| Owner's Name | CRUMLEY NELSON ANNA TOD CRUMLEY KELLY |
| Street Address | 2985 DEERRIDGE DR |
| City | SEDALIA |
| State | MO |
| Zip Code | 65301 |
| County | PETTIS |

#### Vehicle Information

| | |
|---|---|
| Year | 2017 |
| Make | LINC |
| VIN | 1LN6L9VK9H5624583 |
| Vehicle Type | Passenger Vehicle |
| Title Number | TJT16656 |
| Title Issue Date | 1/15/2019 |
| Title Type | Original |
| Horsepower | 34 |
| Cylinders | |
| Odometer | 461 |
| Odometer Code | |
| Brand | |
| Purchase Date | 11/30/2018 |

#### Lienholder Information

| First Lienholder | Second Lienholder |
|---|---|
| Lien Date 11/30/2018 | Lien Date 0/0/0 |
| Lienholder Name CMCCU | Lienholder Name STFA |
| Street Address 3120 W 10TH ST | Street Address |
| City SEDALIA | City |
| State MO | State |
| Zip Code 65301 | Zip Code |

**Print Record**

· Dealer & Lienholders · Motor Vehicle & Driver License Information · Contact ·

# J.D. POWER

01/04/2026

J.D. POWER Used Cars/Trucks

## Vehicle Information

Vehicle :

2017 Lincoln Continental Sedan
4D Premiere AWD 3.7L V6

Region : Central

Period : January, 2026

VIN : 1LN6L9VK9H5624583

Mileage : 117500

## J.D.POWER Used Cars/Trucks Values

|  | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| **Weekly Auction** |  |  |  |  |
| **Weekly Used** |  |  |  |  |
| Rough Trade-In | $9275.00 | $0 | 0 | $9275.00 |
| Average Trade-In | $9800.00 | $0 | 0 | $9800.00 |
| Clean Trade-In | $10325.00 | $0 | 0 | $10325.00 |
| Clean Retail | $11375.00 | $0 | 0 | $11375.00 |

## Selected Options

| | Trade-In/Loan | Retail |
|---|---|---|

J.D. Power Used CarGuide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report. ©2021 J.D. Power

| Date | Description | Payment due | Payment made | Balance |
|---|---|---|---|---|
| 11/09/2023 | Net trade allowance Amount_F | 4602.38 | | 4602.38 |
| 11/09/2023 | Cash down Payment_F | 4201.49 | | 8803.87 |
| 11/09/2023 | Receipt - paid via dealer | | 8803.87 | .00 |
| 12/24/2023 | Repayment | 442.55 | | 442.55 |
| 12/30/2023 | Receipt - AAOS one time pay | | 442.55 | .00 |
| 01/24/2024 | Repayment | 442.55 | | 442.55 |
| 02/09/2024 | Late Charge_Accrued | 22.13 | | 464.68 |
| 02/12/2024 | Receipt - AAOS one time pay | | 907.23 | -442.55 |
| 02/24/2024 | Repayment | 442.55 | | .00 |
| 03/24/2024 | Repayment | 442.55 | | 442.55 |
| 04/01/2024 | Receipt - AAOS one time pay | | 442.55 | .00 |
| 04/24/2024 | Repayment | 442.55 | | 442.55 |
| 05/10/2024 | Late Charge_Accrued | 22.13 | | 464.68 |
| 05/21/2024 | Receipt - ACI pay | | 596.00 | -131.32 |
| 05/24/2024 | Repayment | 442.55 | | 311.23 |
| 06/09/2024 | Late Charge_Accrued | 14.46 | | 325.69 |
| 06/17/2024 | Receipt - ACI pay | | 596.00 | -270.31 |
| 06/24/2024 | Repayment | 442.55 | | 172.24 |
| 07/10/2024 | Late Charge_Accrued | 10.00 | | 182.24 |
| 07/24/2024 | Repayment | 442.55 | | 624.79 |
| 08/02/2024 | Receipt - ACI pay | | 725.00 | -100.21 |
| 08/24/2024 | Repayment | 442.55 | | 342.34 |
| 09/09/2024 | Late Charge_Accrued | 17.12 | | 359.46 |
| 09/24/2024 | Repayment | 442.55 | | 802.01 |
| 10/10/2024 | Late Charge_Accrued | 22.13 | | 824.14 |
| 10/24/2024 | Repayment | 442.55 | | 1266.69 |
| 10/25/2024 | Receipt - ACI pay | | 1266.69 | .00 |
| 11/24/2024 | Repayment | 442.55 | | 442.55 |
| 12/10/2024 | Late Charge_Accrued | 22.13 | | 464.68 |
| 12/13/2024 | Receipt - AAOS one time pay | | 907.23 | -442.55 |
| 12/24/2024 | Repayment | 442.55 | | .00 |
| 01/24/2025 | Repayment | 442.55 | | 442.55 |
| 02/03/2025 | Receipt - ACI pay | | 450.00 | -7.45 |
| 02/21/2025 | Receipt - ACI pay | | 450.00 | -457.45 |
| 02/21/2025 | Transfer | | 14.90 | -472.35 |
| 02/24/2025 | Repayment | 442.55 | | -29.80 |
| 03/24/2025 | Repayment | 442.55 | | 412.75 |
| 03/24/2025 | Repayment | | 442.55 | -29.80 |
| 04/09/2025 | Late Charge_Accrued | 21.38 | | -8.42 |
| 04/15/2025 | Transfer | | 265.53 | -273.95 |
| 04/15/2025 | Payment to schedule suspense | | 265.53 | -539.48 |
| 02/21/2025 | Payment from schedule suspense | | -14.90 | -524.58 |
| 04/15/2025 | Transfer | | -265.53 | -259.05 |
| 04/24/2025 | Repayment | 442.55 | | 183.50 |
| 04/24/2025 | Repayment | | 442.55 | -259.05 |
| 05/24/2025 | Repayment | 442.55 | | 183.50 |
| 06/09/2025 | Late Charge_Accrued | 10.00 | | 193.50 |
| 06/23/2025 | Receipt - ACI pay | | 550.00 | -356.50 |

| Date | Description | | | |
|---|---|---|---|---|
| 06/24/2025 | Repayment | 442.55 | | 86.05 |
| 07/10/2025 | Late Charge_Accrued | 10.00 | | 96.05 |
| 07/18/2025 | Receipt - AAOS one time pay | | 538.60 | -442.55 |
| 07/24/2025 | Repayment | 442.55 | | .00 |
| 08/24/2025 | Repayment | 442.55 | | 442.55 |
| 09/24/2025 | Repayment | 442.55 | | 885.10 |
| 10/24/2025 | Repayment | 442.55 | | 1327.65 |
| 11/24/2025 | Repayment | 442.55 | | 1770.20 |
| 12/24/2025 | Repayment | 442.55 | | 2212.75 |