## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

IN RE:

Paul Stephan Bassett and Michelle Maria Bassett (Deceased),

Debtors.

Bankruptcy Case No.: 25-20315-can11

Chapter: 11

## AGREED ORDER GRANTING IN PART THE MOTION FOR ADEQUATE PROTETCTION PAYMENTS AND DENYING IN PART THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Cause coming before the Court on the Motion for Relief from the Automatic Stay or, in the alternative, for Adequate Protection Payments of Ally Bank ("Ally"), by its counsel, Evan Lincoln Moscov, with respect to a 2017 Lincoln Continental Sedan 4D Premiere AWD 3.7L V6 motor vehicle with a vehicle identification number of 1LN6L9VK9H5624583 ("the Collateral"), the Debtors, by their counsel, Ryan Blay, objecting to the request for relief from the automatic stay, but consenting to the remittance of adequate protection payments to Ally on a monthly basis and the Court being fully advised in the premises:

IT IS HEREBY ORDERED that adequate protection payments shall be tendered to Ally by the Debtors, or the Chapter 11 Trustee, for the Collateral on a consecutive monthly basis until the Debtor's Chapter 11 Plan is confirmed. The amount of each adequate protection payment shall be in the amount of $442.55. The first adequate protection payment shall be remitted on or before April 1, 2026 with the subsequent payment due on or before May 1, 2026;

IT IS FURTHER ORDERED that Debtors' failure to remit monthly adequate protection payments to Ally shall constitute a default. Upon the existence of a default, Ally shall send Debtors and Debtor's counsel a 15 day notice of its intent to file a notice of default with the Court.

1

If the default is not cured within the 15 day period, then upon the filing of a notice of default by Ally, a proposed order may be tendered to the Court requesting the termination of the automatic stay imposed by §362 of the Bankruptcy Code and waiving the Federal Rule of Bankruptcy Procedure 4001(a)(4) 14 day stay with respect to Ally, its successors and assigns, for the purpose of Ally pursuing its nonbankruptcy court remedies pursuant to the security agreement and state law with respect to the Vehicle including, but not limited to, repossession; and

IT IS FURTHER ORDERED that all other relief requested in the Motion be and hereby is denied.

IT IS SO ORDERED.

Dated: <u>March 19, 2026</u>

<u>/s/ Cynthia A. Norton</u>
Honorable Cynthia A. Norton
United States Bankruptcy Judge

Prepared by:

<u>/s/ Evan Lincoln Moscov</u>
Evan Lincoln Moscov
Missouri Bar No. 64415
P.O. Box. 8305
Waukegan, IL 60079
312.969.1977
evan.moscov@moscovlaw.com

<u>/s/ Ryan A. Blay</u>
Ryan A. Blay
Wm Law
15095 W 116th St.
Olathe, KS 66049
913-422-0909
Email: blay@wagonergroup.com